

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 28, 2022

**By ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Johnny Damus, et al*, 22 Cr. 514 (PGG)

Dear Judge Gardephe:

    Enclosed as Exhibit A, please find a Proposed Protective Order relating to the production of material in the above-captioned matter. The parties respectfully request that the Court enter the Proposed Protective Order, which has been signed by the parties.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By: _/s/ Ashley C. Nicolas_
        Ashley C. Nicolas/ Maddie R. Smyser
        Assistant United States Attorneys
        Tel. 212-637-2467/ - 2381

cc:    Counsel of Record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | Protective Order |
| v. | 22 Cr. 514 (PGG) |
| JOHNNY DAMUS,  a/k/a "Ace," RASHAAN RICHARDS,  a/k/a "Jay Dee,"  a/k/a "JD,"  a/k/a "Payso," DEVON RICHARDS,  a/k/a "Dev," CONRAD HERON,  a/k/a "Conny Cash," LOUIS JEUNE VERLY,  a/k/a "Luis Jesus Virola," KAREEM SHEPHERD,  a/k/a "Reem,"  a/k/a "Marcus Ford,"  a/k/a "Frank James," FABIOLA MOMPOINT,  a/k/a "Lady Fab," NATHANAEL FOUCAULT, and JOHNATHAN PERSAUD,  a/k/a "Junzie-J," | |
| *Defendants*. | |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Sensitive Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), as a courtesy, or pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and/or impeachment material in a criminal case. Certain of that material may include that which (i) affects the privacy and confidentiality of individuals;

(ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

**Highly Sensitive Material.** Certain discovery materials in this case may raise a heightened risk to the privacy and confidentiality of individuals or to an ongoing investigation of uncharged individuals. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Highly Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Highly Sensitive," shall be deemed "Highly Sensitive."

**Attorney's Eyes Only ("AEO") Material**. Certain discovery materials in this case may raise a particular risk of impeding the Government's ongoing investigation of uncharged individuals because it allows for identification of those uncharged individuals. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "AEO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "AEO," shall be deemed "AEO Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2

1. Sensitive Material shall not be disclosed by the defendants or defense counsel, including any successor counsel (the "defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Material to the media or any third party except as set forth below.

2. Sensitive Material may be disclosed by counsel to the following persons ("Designated Persons"):

    a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;[1]

    b) Prospective witnesses for purposes of defending this action;

    c) The defendants; and

    d) Such other persons as hereafter may be authorized by the Court.

3. The restrictions on Highly Sensitive Material are the same as Sensitive Material, except that Highly Sensitive Material may only be disclosed to the defendants for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any records containing Highly Sensitive

---

[1] Defense counsel need not disclose to the Government a list of persons for whom they are responsible.

3

Material outside of the offices or presence of defense counsel. Highly Sensitive Material may otherwise be disclosed to Designated Persons consistent with the terms of Sensitive Material.

4. The restrictions on AEO Material are the same as Highly Sensitive Material, except that AEO Material shall not be disclosed to or possessed by the defendants, and may only be disclosed to defense counsel and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action. AEO Material may be reviewed by and discussed among defense counsel for different co-defendants, as well as personnel for whose conduct counsel is responsible.

5. The Government may authorize, in writing, disclosure of Sensitive Material, Highly Sensitive Material, or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any Sensitive Material, Highly Sensitive Material, or AEO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and this District's ECF Privacy Policy.[2]

7. If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is Sensitive Material, Highly Sensitive Material, and/or AEO Material subject to the provisions of this Order, the parties shall seek resolution of such

---

[2] *See* United States Court for the Southern District of New York, *Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Filings*, https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf (last visited Oct. 4, 2022).

4

dispute by the Court. Until the Court has decided the issue, the Government's designation shall apply.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

9. Except for Sensitive, Highly Sensitive, and AEO Material that has been made part of the record of this case, and subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct, all documents subject to this Order must be securely destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings (including any direct appeal, and related applications under 28 U.S.C. § 2255 or any other collateral relief filed within one year of final judgment), or upon order of the Court, whichever occurs first.

10. In the event that a Coordinating Discovery Attorney ("CDA") is appointed in this matter, the CDA and third parties supporting the CDA will require access to the discovery materials in order to fulfill the CDA's Court-appointed function. This Order expressly authorizes disclosure to the CDA of all global discovery material, including Sensitive, Highly Sensitive, and AEO Material, produced in this case. Under this Order, the CDA may disclose, make copies of, or reveal the contents of discovery material, including Sensitive, Highly Sensitive, and AEO Material, to defense counsel and to the CDA's employees who are assisting in the preparation and dissemination of such materials, and to third party vendors the CDA may deem necessary to retain to process the material she receives, all in furtherance of fulfilling the CDA's duties and obligations under the Court's order appointing the CDA.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense intends to disclose Sensitive Material, Highly Sensitive Material, or AEO Material. All such persons shall be subject to the terms of this Order if they thereafter review such material. Defense counsel shall maintain a record of what Sensitive Material, Highly Sensitive Material, or AEO Material has been disclosed to which such persons.

### Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

by: _/s/ Ashley C. Nicolas_                                                    Date: 10/18/2022
    Ashley C. Nicolas
    Madison Reddick Smyser
    Assistant United States Attorneys

SO ORDERED:

Dated: New York, New York
       December 2, 2022

_Paul G. Gardephe_
THE HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

6

## Consent to Entry of Protective Order

I, Nicholas Dayan, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Johnny Damus.

_____
Nicholas Dayan, Esq.
Attorney for Defendant Johnny Damus

7

## Consent to Entry of Protective Order

I, Albert Dayan, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Johnny Damus.

_____
Albert Dayan, Esq.
Attorney for Defendant Johnny Damus

8

## Consent to Entry of Protective Order

I, Mitchell Elman, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Rashaan Richards.

_____
Mitchell Elman, Esq.
Attorney for Defendant Rashaan Richards

9

**Consent to Entry of Protective Order**

I, Deborah Colson, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Devon Richards.

*Deborah Colson*
_____
Deborah Colson, Esq.
Attorney for Defendant Devon Richards

10

**Consent to Entry of Protective Order**

I, Elena Fast, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Conrad Heron.

        s/ Elena Fast
_____
Elena Fast, Esq.
Attorney for Defendant Conrad Heron

11

## **Consent to Entry of Protective Order**

I, Jonathan Rosenberg, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Kareem Shepherd.

_____
Jonathan Rosenberg, Esq.
Attorney for Defendant Kareem Shepherd

12

**Consent to Entry of Protective Order**

I, David Adhami, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Louis Jeune Verly.

_____
David Adhami, Esq.
Attorney for Defendant Louis Jeune Verly

13

**Consent to Entry of Protective Order**

I, Steven Brill, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Fabiola Mompoint.

*Steven Brill*
_____
Steven Brill, Esq.
Attorney for Defendant Fabiola Mompoint

**Consent to Entry of Protective Order**

I, Jeffrey Chabrowe, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Nathanael Foucault

*Jeff Chabrowe*
_____
Jeffrey Chabrowe, Esq.
Attorney for Defendant Nathanael Foucault

15

**Consent to Entry of Protective Order**

I, Lonnie Hart, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Johnny Damus, et al., 22 Cr. 514 (PGG), and I consent to the entry of the Order on behalf of my client, Johnathan Persaud.

_____
Lonnie Hart, Esq.
Attorney for Defendant Johnathan Persaud

16